# REPORT OF CASES

## ADJUDGED IN

# Superior Court of Cincinnati

### AT

# SPECIAL AND GENERAL TERMS.

---

### JOHN C. ROGERS *v.* ELLIS & STURGES.

An affidavit in attachment, alleging several causes of attachment in the disjunctive, is bad for uncertainty.

SPECIAL TERM.—Action in attachment, to recover a balance of deposit due from Rowland Ellis and William Sturges, doing business as bankers, etc. The defendants filed their motion to dismiss the attachment, for reasons that sufficiently appear in the decision.

*A. N. Riddle*, for plaintiff.

*Worthington & Matthews*, for defendants.

STORER, J. This is a motion to dismiss an attachment, issued upon the affidavit of the plaintiff, who claims to be a creditor of the defendants, for deposits received of him as his bankers, and who charges, " that the defendants, by Rowland Ellis, have assigned, removed or disposed of, or are about to dispose of their property, jointly or separately, or a part thereof, with intent to defraud their creditors; the plaintiff further states, that the defendant Sturges is a non-resident of the State of Ohio."

The affidavit of Ellis is filed, denying all the allegations of the plaintiff, except the non-residence of Sturges.

It is sought to dismiss the attachment on two grounds:

*First.* That the statement of the several causes for which the order is asked, is in the disjunctive, and therefore there is no precise or definite charge made, in the plaintiff's affidavit, to meet the requisitions of the code.

*Second.* That the facts, as they are averred, so far as the assigning, removing, or disposing of their property, by the defendants, or being about to do so, are untrue.

The plaintiff's counsel, in reply to the first position assumed by the defendants, has argued that it is not necessary to allege the existence of the several causes, for which an attachment may properly issue, except in general terms; that the remedy must be liberally construed to advance the purposes of justice, and if the literal language of the statute is followed, it is sufficient.

The principle, however, upon which we are asked to decide the question, by the defendant's counsel, is not of modern origin; it has prevailed from a very early period in the history of judicial proceedings, and is founded, it is believed, upon the soundest reason, as well as justice. It was adopted, originally, as a rule of criminal practice, that the accused might have the benefit of a full knowledge of the offense with which he was charged, by a clear, definite, and positive statement in the indictment, or information, to which he was required to answer. Thus, it is laid down, as a settled principle, " that no charge of a criminal nature can be laid in the alternative; if it is, the proceeding will be void; as if a party should be charged with killing, or intending to kill, with beating, or intending to beat, with forging, or intending to forge," for it is said the offenses are distinct, and it does not appear of which the defendant is accused. 2 Hawkins, P. C. 311, § 58.   3 Bacon's Ab. 161.

This rule has been extended, and it is now universally applied in civil cases, where remedies at common law, or by statutes, involve the discussion or examination of legal or

moral fraud, and thus subject a party to summary process, by arrest or attachment.

Thus, in 1 McCord, S. Car. Rep. 511, *Hagood* v. *Hunter*, where the attachment was taken out, on an affidavit, in which the plaintiff stated that the defendant " was about to remove or abscond, or conceal himself, that the ordinary process of the law could not be served upon him," the court set aside the writ on the ground, " that charging the causes for the attachment in the disjunctive, it became perfectly uncertain which state of fact really existed ;" and in *Devall* v. *Taylor*, Cheves 5, it was held, " that either of the causes contained in the affidavit for the attachment, would have been sufficient, if stated separately ; yet when they are alleged in the disjunctive they do not sustain the process."

The same ruling is to be found in *Barnard et al.* v. *Sebre*, 2 A. K. Marshall, 151, and *Shipp.* v. *Davis*, Hardin, 65.

Again, in *May* v. *Gelmac*, 1 Miles, 78, it is said that " the affidavit should be confined to one of the particulars authorizing the attachment to issue, and if more than one is averred, they should be stated positively ;" and as the statements were in the disjunctive, the writ was quashed. The authority of this case is fully recognized in *Jewel* v. *Howe*, 3 Watts, 147.

See, also, Drake on Attachment, sections 108, 109, 110 and 111, where the questions are very clearly stated, and the authorities examined.

These cases are all decided on the true and only safe grounds, both for plaintiff and defendant, that the allegations required to authorize process to issue, except in cases of non-residents, charge the defendant with a serious offense, one that is indictable, and may be severely punished, and there is, therefore, the most manifest propriety in holding the affiant to a strict compliance with the code. It is then only that the creditor can fully enjoy the benefit of the remedy, and the debtor be protected from its abuse.

In the present case, we are satisfied, the rule to which we have referred is clearly applicable. It has its counterpart in every analogy we can find in the practice and pleadings of

our courts. No petition would be regarded as sufficient when the allegations were only in the alternative; and certainly no answer would be sanctioned when the denials were in the disjunctive. The attachment in this case must be dismissed as to Rowland Ellis, but as there is an allegation, in the affidavit, that Wm. Sturges is not a resident of Ohio, the order will be continued, as to him, and the plaintiff be at liberty to attach his private property, or whatsoever interest he may have in the property of Ellis & Sturges, after the liabilities of that firm have been paid. This view of the case renders it unnecessary for the court to decide the second proposition made by the defendant's counsel.

No opinion is given upon the assignment made to Mr. Worthington, or the conveyence to Fletcher. Those parties are not before the court, and we can not, if we would, adjudicate upon their rights. We may be permitted to say, however, that no fact has been disclosed, on the hearing, that would lead us to believe, or suspect, that any fraud has been perpetrated, or intended, by the defendants.

Attachment dismissed as to Rowland Ellis.